UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALAN MCBREARTY,

    Plaintiff,

v.

BITDEFENDER INC., a Florida corporation

    Defendant.
_____/

## COMPLAINT

Plaintiff, ALAN MCBREARTY (hereinafter, "MCBREARTY" or "Plaintiff"), by and through his undersigned attorney, hereby files his Complaint suing Defendant, BITDEFENDER, INC. (hereinafter, "BITDEFENDER" or "Defendant"), a Florida corporation, and says:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et. seq. and Florida Common Law.

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern

District of Florida; because the acts that give rise to Plaintiff's claims happened within the Southern District of Florida; and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

## PARTIES

5. Plaintiff is a resident of Boca Raton, Palm Beach County, Florida, over the age of 18 years and otherwise suis juris. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a sales representative in Fort Lauderdale, Broward County, Florida.

6. By June 2020, Plaintiff had been employed by Defendant for over 12 months, and he had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked in Fort Lauderdale, Florida and all actions complained of herein took place at that location and within the Southern District of Florida.

8. At all times relevant hereto, BITDEFENDER was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

## GENERAL ALLEGATIONS (FMLA)

9. Plaintiff was hired by Defendant as a sales representative in January 2015 and remains an employee of Defendant.

10. On or about June 4, 2020, MCBREARTY advised his employer of his need to take FMLA leave for his own serious medical condition, and he requested to take leave pursuant to the FMLA.

11. MCBREARTY submitted the appropriate FMLA certification documentation from his treating physician pursuant to company policy.

12. MCBREARTY's request for FMLA leave was approved and Plaintiff was on FMLA leave from about June 9, 2020 through August 27, 2020.

13. Upon MCBREARTY's return to BITDEFENDER following the completion of his FMLA leave, Defendant failed to restore Plaintiff to the same or equivalent position, subject to the substantially same terms and conditions of employment including pay.

14. Upon MCBREARTY's returned from FMLA leave, on or about August 27, 2020, BITDEFENDER instead significantly changed the terms and conditions of his employment.

15. Specifically, MCBREARTY was re-assigned to a new sales territory.

16. Prior to his FMLA leave, MCBREARTY's sales territory consisted of the entire country of Canada where he had spent approximately five (5) years cultivating client relationships and building contacts.

17. While working this territory, MCBREARTY has been one of BITDEFENDERS top sales performers four out of the last five years, and has consistently met his target sales quotas which earned him annual bonuses and shares of stock distributions. In 2019, MCBREARTY was given 1500 shares of the company stock as compensation due to his sales production.

18. Following his FMLA leave, BITDEFENDER modified MCBREARTY's territory to New Jersey and Delaware where MCBREARTY had no contacts or business relationships and had to build a sales pipeline completely from scratch.

19. The change in territory requires new relationship building which is time consuming and does not result in equivalent sales opportunities.

20. The New Jersey and Delaware territory is well known to be the worst territory in the company because of its limited sales opportunities.

21. Since MCBREARTY has returned from his FMLA leave and has started the process of rebuilding his sales network in his new territory, his sales have drastically decreased.

22. MCBREARTY's sales for the last four (4) months of 2019 were over $387,839.

23. By contrast, MCBREARTY is on pace to generate sales of approximately $125,000 over that same time frame in 2020.

24. The change in territory will therefore substantially diminish Plaintiff's commissions and eliminate his ability to receive the bonuses and shares of stock he would have received had he returned from FMLA leave to the same territory.

25. Before MCBREARTY went out on FMLA, he was on pace to exceed all of his sales targets which would allow him to receive bonuses and at least 1500 more shares of the company stock. MCBREARTY was sufficiently positioned that he reasonably anticipated he would meet his sales targets even having taken the FMLA leave, especially given that the fourth quarter of the year was historically his most productive.

26. With the change in MCBREARTY's sales territory, it is now virtually impossible for MCBREARTY to reach his sales target for the year. This eliminates his ability to earn commissions, bonuses, and stock at the level he was earning prior to his FMLA leave.

27. In addition to the change in sales territory following his return from leave, Defendant began requiring MCBREARTY to use a sales prospecting software program from which he was previously exempt because of his sales production for the company. The software program is cumbersome and time consuming to use making Plaintiff's job that much more difficult.

28. By Defendant requiring Plaintiff to handle a new territory and use the sales prospecting software, MCBREARTY's day-to-day processes substantially changed resulting in an increased workload and decrease in sales, thereby reducing his commissions, bonuses and stock distributions.

29. There is no legal, non-discriminatory reason for Defendant's decision to materially change MCBREARTY's territory and job responsibilities.

30. MCBREARTY has incurred damages resulting from Defendant's illegal activities, including lost pay.

31. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay a reasonable fee for its services.

32. Plaintiff is entitled to a reasonable attorney's fees and costs if he is the prevailing party in this action.

## GENERAL ALLEGATIONS (UNPAID WAGES)

33. Plaintiff and Defendant entered into a compensation agreement whereby Plaintiff was to perform services as a sales representative in exchange for payment from Defendant.

34. According to the agreement, BITDENFENDER would pay MCBREARTY a salary of $70,000 per year plus sales commission for his services.

35. The compensation plan agreed to by BITDEFENDER and MCBREARTY also includes bonuses and stock for exceeding sales targets.

36. While MCBREARTY was out on leave under the FMLA, BITDEFENDER improperly paid out commissions on approximately $407,000 of MCBREARTY'S sales to another sales representative.

37. Commissions of approximately $6,700 should have been paid to MCBREARTY.

38. Despite numerous attempts by MCBREARTY to obtain the unpaid commissions from BITDEFENDER, MCBREARTY has yet to receive the compensation owed to him.

39. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

## COUNT ONE: VIOLATION OF THE FMLA
## (RETALIATION)

40. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–32, above as though the same were fully set forth herein.

41. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

42. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2020 or 2019.

43. Plaintiff gave sufficient notice to his employer of his need for leave under the FMLA and provided all necessary paperwork. Such leave was approved by Defendant on or about in June 2020.

44. When MCBREARTY returned from FMLA on or about August 27, 2020, he was not restored to the same or similar position.

45. Following MCBREARTY's FMLA leave, BITDEFENDER re-assigned his sales territory and required him to use a sales prospecting software that he did not have to previously use.

46. These modifications to MCBREARTY's job duties directly resulted in a reduction in pay and an increase in workload.

47. BITDEFENDER's reassignment of MCBREARTY's sales territory and job duties which resulted in loss of pay and an increase in workload constitute "adverse employment actions" under the FMLA.

48. The fact that MCBREARTY took leave under the FMLA was a "protected activity" under the FMLA.

49. MCBREARTY's request for and use of FMLA leave was, at minimum, a motivating factor in Defendant's decision to change MCBREARTY's sales territory and job duties.

50. BITDEFENDER's alleged reasons for changing MCBREARTY's sales territory and job duties are pretextual as it cannot demonstrate evidence to support that it applied its own policies evenly to MCBREARTY and cannot prove that there were any legitimate business necessity/reasons for assigning MCBREARTY to a different territory upon his return from leave.

51. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

52. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

WHEREFORE, Plaintiff ALAN MCBREARTY requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    e. Such other relief as the Court deems just and proper.

### COUNT TWO: VIOLATION OF THE FMLA (INTERFERENCE)

53. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-32 above as though the same were fully set forth herein.

54. MCBREARTY was eligible for FMLA leave for to care for his own serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

55. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to his same or equal position with equivalent employment benefits, pay and other terms and conditions of employment.

56. When Defendant modified Plaintiff's sales territory and required him to use the software program, Defendant interfered with MCBREARTY's right to his position (or its equivalent) and thus violated the FMLA.

57. As a direct result of his job modifications, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

58. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

59. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct their employees.

60. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

61. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff ALAN MCBREARTY requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## COUNT THREE: UNPAID WAGES

62. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-8 and 33-39 above as though the same were fully set forth herein.

63. Plaintiff and Defendant entered into a compensation agreement whereby Plaintiff was to perform services as a sales representative in exchange for payment from Defendant.

64. Pursuant to the terms of the agreement between Plaintiff and Defendant, Defendant agreed to pay Plaintiff an annual $70,000 base salary together with commissions based on Plaintiff's sales volume.

65. Plaintiff earned sales commissions in the approximate amount of $6,700 based on $407,000 in sales prior to taking leave under the FMLA.

66. Defendant failed to pay Plaintiff his commissions of approximately $6,700.

67. Instead, Defendant improperly paid the commissions to another sales representative while Plaintiff was on out FMLA leave.

68. As a result of Defendant's failure to compensate Plaintiff properly, he has suffered monetary damages.

WHEREFORE, Plaintiff ALAN MCBREARTY requests judgment for:

a. Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

c. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ALAN MCBREARTY demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: October 29, 2020.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
Shanna Wall, Esq.
Fla. Bar #0051672
shanna@icelawfirm.com