UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62200-CIV-ALTMAN

**ALAN MCBREARTY**,

    *Plaintiff*,

v.

**BITDEFENDER, INC.**,

    *Defendant*.

_____/

**ORDER**

The Plaintiff, Alan McBrearty, agreed to arbitrate any claim "arising out of" his employment with the Defendant, Bitdefender, Inc. Although the Plaintiff concedes *both* that the arbitration agreement is valid *and* that it covers the claims he's asserted in this lawsuit, he tries to wiggle out of arbitration by pointing to the venue clause in an Offer of Employment letter he signed a few weeks earlier. *See* Response [ECF No. 16]. Seeing no conflict between the venue and arbitration clauses, though, the Court now **GRANTS** the Defendant's Motion to Compel Arbitration (the "Motion") [ECF No. 13].

**THE LAW**

Whether an arbitration agreement is valid and enforceable is generally a matter of state contract law. *See Volt Information Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) ("[T]he interpretation of private contracts is ordinarily a question of state law, which this Court does not sit to review."); *see also Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (explaining that "state law generally governs whether an enforceable contract or agreement to arbitrate exists," and noting that, "in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts"). After

all, "arbitration is simply a matter of contract." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

Under Florida law, a motion to compel arbitration is governed by three elements: *first*, "whether a valid written agreement to arbitrate exists"; *second*, "whether an arbitrable issue exists"; and *third*, "whether the right to arbitration was waived." *Shotts v. OP Winter Haven, Inc.*, 76 So. 3d 456, 464 (Fla. 2011).

## ANALYSIS

The Plaintiff admits that all three elements have been satisfied here. *See* Response at 1–2. *First,* the Plaintiff agrees that the parties executed a "Terms and Conditions Agreement" ("TCA"), which required arbitration of all claims "arising out of" the Plaintiff's employment with the Defendant. *See* Motion at 4; Response at 2; TCA [ECF No. 13-1]. *Second*, the Plaintiff concedes that his FMLA and unpaid wages claims fall within the ambit of his employment with the Defendant. *See* Motion at 7; Response at 2. *Third*, the Plaintiff never suggests that the Defendant has somehow waived its right to arbitration. *See generally* Response; *see also* Motion at 7.

Against all this, the Plaintiff—in a two-page brief devoid of any legal citations—advances only one argument: that, two weeks before he signed the TCA (which includes the valid arbitration agreement), he executed a separate "Offer of Employment." *See* Response at 1; Offer of Employment [ECF No. 13-2]. The Offer of Employment's venue provision requires that "any suit for enforcement of the agreements set forth above shall be brought in Broward County, Florida." Response at 2. This venue provision, the Defendant says, conflicts with the TCA's arbitration clause. *Id.* And, the Plaintiff continues, because the Defendant drafted both the Offer of Employment and the TCA, any "ambiguity between the two documents must be construed against the Defendant." *Id.*

But, fairly read, the two documents are not at all ambiguous. As the Second District Court of Appeal explained in a (very similar) recent case: "[t]he [venue] provision applies if the parties litigate;

it does not provide that the parties must litigate all disputes[.]" *Hedden v. Z Oldco, LLC*, 301 So. 3d 1034, 1039 (Fla. 2d DCA 2019) (cleaned up). In other words, as here, "the arbitration and venue clauses do not conflict." *Id.*

The Plaintiff concedes that he signed a valid, enforceable arbitration clause. That's really the end of the matter. After careful review, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Defendant's Motion to Compel Arbitration [ECF No. 13] is **GRANTED**.

2. This case shall be **STAYED** pending the outcome of the parties' arbitration. The Clerk shall **CLOSE** this case for administrative purposes, all pending deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

3. **Every thirty (30) days** after the date of this Order, the parties shall jointly file with the Court a report regarding the status of arbitration proceedings.

4. Within **fifteen (15) days** of the arbitration's conclusion, the parties shall jointly file with the Court a notice briefly describing the outcome of arbitration.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of February 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record